Argued October 9; affirmed November 26; rehearing denied
December 17, 1929

RHODA M. McINTOSH *v.* N. B. CLARKE et al.

(282 Pac. 554, 283 Pac. 14)

For appellant there was a brief over the names of *Mr. W. B. Shively, Messrs. Beach, Simon & Greene* and *Messrs. Senn & Recken* with an oral argument by *Mr. Frank S. Senn.*

For respondent there was a brief over the name of *Messrs. Morton & Littlefield* with an oral argument by *Mr. E. M. Morton.*

RAND, J. This is an action by Rhoda M. McIntosh to recover damages for deceit on a real estate broker's bond executed, by the defendant, N. B. Clarke, in compliance with section 9, chapter 277, General Laws of Oregon, 1925, with the Aetna Casualty & Surety company, a corporation. The action was brought against both Clarke and the surety company, although Clarke was a nonresident of the state, was not served and has not voluntarily appeared in the action either in person or by an attorney. The action was tried to the court without the intervention of a jury and resulted in a judgment in favor of plaintiff and against the surety company for $454.25, the amount paid by plaintiff as part payment of the purchase price of a lot which plaintiff purchased from The Burlingame Company, which was represented by Clarke as its sales agent, and the costs of the action.

The fraud complained of by plaintiff is alleged in the complaint in these words:

"IV. That in violation of the conditions of said application (plaintiff's exhibit 1) the said N. B. Clarke was guilty of making substantial misrepresentations and of making false promises of a character likely to influence, persuade and induce plaintiff and which did influence, persuade and induce plaintiff to enter into contractual relations with said defendant and with Edgemont Investment company, his principal, as hereinafter set forth, and of conduct constituting improper, fraudulent and dishonest dealing within the meaning of section 13 of chapter 277, General Laws of Oregon for 1925, which said acts and conduct are more specifically set forth as follows, to wit:

"That on or about the 19th day of April, 1928, defendant Clarke approached plaintiff with a proposition for the purchase on instalments of lot 6, block 6, Burlingame addition, as shown on the map filed in the office of the County Recorder of Multnomah county, Oregon, and in order to induce plaintiff to enter into an engagement with his principal Edgemont Investment company for the purchase of said real property, represented that if she would agree to purchase said lot for the total sum of $9,750 and would pay as earnest money on account thereof the sum of $493.75 that defendant would resell said property for her at an early date and prior to the time any payments became due to Edgemont Investment company under the terms of such agreement and that she would not have to worry about the payments upon the lot if she would just sign a resale blank therefor and that she would not have to enter into any conditional contract for purchase other than said earnest money contract mentioned, and promised and agreed that if she would so pay to defendant Clarke the sum of $493.75 and sign the resale blank that said defendant could and would speedily resell said lot at a profit to plaintiff

and to pay no attention to a statement in said purchase money agreement that no guaranty of resale of said property for the purchaser was made by defendant.

"V. That plaintiff informed defendant that $500 was all the money that she had; that she was a widow and unable to pay any further sum or sums upon the purchase price of said real property and could not possibly enter into said agreement with defendant unless he could speedily resell said property and return her money to her plus an expected profit therewith; that defendant Clarke repeated his said promises, guaranteed a speedy resale of said property and influenced, persuaded and induced by his said false promises and fraudulent representations and relying upon said representations and said false and fraudulent promises, conduct and inducements so made and reiterated, plaintiff on the 19th day of April, 1928, agreed to purchase said real property by signing an earnest money receipt therefor and paid to said defendant the said sum of $493.75.

"VI. That defendant Clarke pursuant to his agreement never tendered a contract of purchase to plaintiff and thereafter and from time to time reiterated said promises and representations theretofore fraudulently made to plaintiff that the lot would soon be sold for her and her money refunded with a profit.

"VII. That in truth and in fact said property was not resold and the said representations and promises were in truth and in fact but a scheme, plan and device whereby defendant Clarke intended to defraud plaintiff by said false promises and fraudulent representations and conduct into payment of the sum of $493.75 to her damage in said sum."

■ This cause was tried in the court below in conjunction with two cases this day decided, namely: *Sharkey v. Burlingame Co.* and *Reihsen v. Burlingame Co.,* and the testimony, so far as applicable to each case, was by agreement of the attorneys for the parties to

be considered as if it had been offered in the particular case and, upon this appeal, the three cases were argued together and with that understanding upon the part of the attorneys for the parties. From this testimony, the learned trial court made findings sustaining the allegations of the complaint and these findings were supported by the evidence and have the force and effect, this being a law action, of a verdict.

In this case the learned counsel for defendants have made the same objections to the sufficiency, as a matter of law, of the representations to sustain an action for deceit. These contentions were passed upon in *Sharkey v. Burlingame Co.* and were held to be sufficient to sustain an action for deceit. They were fully considered in that decision and for that reason it is not necessary to here restate our reasons for holding them to be sufficient to sustain an action for deceit.

■ Other objections are urged in respect to the liability of the surety company against whom the judgment was entered. The liability of the surety company, defendant, is based upon its undertaking given in compliance with the statute and this statute is very similar to the statute under consideration in *Twentyman v. Nichol*, 125 Or. 579 (267 P. 824). It was held in that case that the surety company was liable under the bond for the acts of its principal in making false and fraudulent representations in the transaction of the business covered by the bond. The decision in that case is controlling here upon the question of the liability of the surety. The bond was upon the condition that the fraud complained of would not be perpetuated by Clarke and that the surety would

be liable for the resultant damages if Clarke committed the fraud for which the damages are sought.

For these reasons the judgment appealed from is affirmed.

AFFIRMED.

BELT and BROWN, JJ., absent.

ROSSMAN, J., dissenting.

---

Rehearing denied December 17, 1929

ON PETITION FOR REHEARING
(283 Pac. 14)

For appellant, *Mr. W. B. Shively, Messrs. Beach, Simon & Greene* and *Messrs. Senn & Recken*.

For respondent, *Messrs. Morton & Littlefield*.

RAND, J. ▮ By its petition for rehearing, it is urged on behalf of the appellant that in this, an action for deceit, the measure of damage is the difference in the amount of the price agreed to be paid for the lot and its market value and that, since the record contains no evidence of the value of the lot, plaintiff's judgment for the amount she has paid thereon cannot be sustained.

In actions to recover damages for deceit, inducing the purchase of property, the general rule is that the measure of damage is the difference between the amount agreed to be paid and the value of the purchased property. But that rule applies only where property has been purchased or has been contracted to be purchased in which case the bringing of an action for deceit is an affirmance of the contract. But the rule has no application in this case for the undisputed evidence shows that the owner of the property

upon which the payment was made never conveyed or contracted to convey the property to plaintiff. It is true that the agent purporting to sell the property, in a receipt for part of the money paid by plaintiff, stated the amount to be paid for the lot and the terms of payment but the receipt also provided that the contemplated sale was subject to approval by the owner, after which a contract was to be entered into by the owner. Under plaintiff's uncontradicted testimony, no contract was entered into by the owner for the sale of the property to plaintiff and, so far as the record shows, the acts of the agent have never been ratified or approved and plaintiff has received nothing from any one in consideration of the moneys paid. Under these circumstances, the true measure of damage, she having been induced to part with her money without consideration and because of fraud practiced upon her, is the amount of the money she has been induced to pay.

The petition for rehearing will, therefore, be denied.

REHEARING DENIED.